UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAULETTE R. MURPHY-BARNES,

    Plaintiff,

    v.

BANK OF AMERICA, et al.,

    Defendants.

_____/

No. C 14-0914 PJH

**ORDER OF DISMISSAL**

    Plaintiff in the above-captioned case has filed suit against Bank of America, Mortgage Electronic Registration Systems ("MERS"), and Judge Marshall Whitley of the Alameda County Superior Court. Bank of America and MERS have moved to dismiss the complaint, and the court will consider that motion after plaintiff has had an opportunity to file an opposition brief. However, as to Judge Whitley, the court finds that it lacks subject matter jurisdiction over any claims asserted against him, and thus DISMISSES all such claims.

    Plaintiff alleges that "[t]he Alameda Superior Court Judges listed in the Complaint listed in the Complaint [sic] hindered the execution of the laws of the State, and of the United States within the State, depriving [plaintiff] of her right, privilege, immunity, and protections named in the Constitution and secured by law." Even if the court could discern the specific nature of the claim(s) asserted against Judge Whitley (who is the only judge named in the complaint), any claim seeking damages (and any claim against a Superior Court Judge based on the conduct of judicial proceedings) would be barred, because a state court judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983).

To the extent that plaintiff seeks injunctive relief in the form of an order requiring the federal court to supervise ongoing state judicial proceedings, the court will refrain from issuing any such injunction as a matter of comity.  See Pulliam v. Allen, 466 U.S. 522, 539 (1984); Younger v. Harris, 401 U.S. 37, 46 (1971).

To the extent that plaintiff is seeking what amounts to an appeal of an order issued by Judge Whitley, the claim is barred.  A federal district court is prohibited from exercising subject matter jurisdiction over a suit that is "a de facto appeal" from a state court judgment.  Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).  A federal district court may not examine claims that are inextricably intertwined with state court decisions, "even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles."  Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n. 4 (9th Cir. 2003); see also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006).

For these reasons, all claims asserted against Judge Whitley are DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: April 25, 2014

PHYLLIS J. HAMILTON
United States District Judge