UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAULETTE R. MURPHY-BARNES,

    Plaintiff,

    v.

BANK OF AMERICA, et al.,

    Defendants.

_____/

No. C 14-0914 PJH

**ORDER OF DISMISSAL**

    Plaintiff Paulette R. Murphy-Barnes ("plaintiff") has filed suit against Bank of America, Mortgage Electronic Registration Systems ("MERS"), and Judge Marshall Whitley of the Alameda County Superior Court. In a previous order, the court dismissed all claims against Judge Whitley due to lack of subject matter jurisdiction. See Dkt. 21.

    Bank of America and MERS ("defendants") filed a motion to dismiss the complaint, which is now before the court. Plaintiff did not file an opposition to the motion. Having read defendants' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion to dismiss as follows.

    Although plaintiff's complaint (styled as a "petition for writ of4 certiorari") suffers from a lack of clarity, it appears to seek review of an adverse state court decision. The facts surrounding that state court decision are as follows: On March 23, 2011, plaintiff filed suit against Bank of America and MERS (and one other defendant) in Alameda County Superior Court, alleging seven causes of action related to a mortgage agreement entered into by plaintiff. See Dkt. 14, Ex. A. On June 27, 2011, defendants removed the state court action to federal court, but on November 9, 2011, the case was remanded back to state court. See Dkt. 14, Exs. B, E. After the case went back to state court, defendants filed a demurrer, which was sustained on March 28, 2012. See Dkt. 14, Ex. H. Notably,

the judge presiding over the state court case was Judge Marshall Whitley, who was also named as a defendant in the present case.  Plaintiff was given leave to amend her complaint, and on April 18, 2012, plaintiff filed a first amended complaint in state court.  See Dkt. 14, Ex. I.  Defendants again filed a demurrer, and on October 4, 2012, the demurrer was sustained without leave to amend.  See Dkt. 14, Ex. K.  Plaintiff filed a motion for reconsideration, which was denied.  See Dkt. 14, Ex. N.

On February 28, 2014, plaintiff filed a complaint in this court, describing her state court case, and alleging that her "complaint went on deaf ear" and that she "was denied the equal protection of law as prescribed by the United States Constitution."  Dkt. 1 at 3.  Specifically, plaintiff alleges that the "Alameda County Superior Courts and the above listed foreign agent deprived [plaintiff] of her rights to be secured in their persons, houses, papers, and effects without due process of law."  Id.  The remainder of plaintiff's complaint references a number of constitutional rights that were allegedly violated, including her rights under the Fourth and Fourteenth Amendments.  The complaint mentions Bank of America and MERS only to describe the "fraud complaint" filed against them in state court.  Dkt. 1 at 3.

In short, plaintiff's entire complaint appears to seek review of the dismissal of her state court action.  However, a federal district court is prohibited from exercising subject matter jurisdiction over a suit that is "a de facto appeal" from a state court judgment.  Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).  A federal district court may not examine claims that are inextricably intertwined with state court decisions, "even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles."  Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n. 4 (9th Cir. 2003); see also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006).

Defendants' motion to dismiss separately makes the argument that plaintiff's complaint is barred by the doctrine of res judicata, which bars parties from attempting to litigate their claims in a piecemeal fashion by splitting a single cause of action or by re-

litigating the same cause of action on a different theory.

The court finds that either of these theories would be sufficient to warrant dismissal of the claims against Bank of America and MERS.  But because plaintiff seeks a "de facto appeal" of a state court judgment, the court finds that it lacks subject matter jurisdiction over the entirety of plaintiff's complaint in the first instance.  Therefore, the complaint must be DISMISSED for lack of subject matter jurisdiction.  In reaching this conclusion, the court again notes that plaintiff named the presiding judge in her state court case (Judge Whitley) as a defendant, and repeatedly alleged that her constitutional rights were violated by "Alameda County Superior Court Judges" and the "Alameda County Superior Courts."  As plaintiff did not oppose this motion, and consequently has not indicated what she might add to establish subject matter jurisdiction if she were permitted to amend, the court finds that granting leave to amend the complaint would be futile, and thus, the dismissal is with prejudice.  Defendants' request for judicial notice is GRANTED.  The June 11, 2014 hearing on defendants' motion to dismiss is VACATED.

**IT IS SO ORDERED.**

Dated: May 15, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge